9-14-15
83,849-01

MOTION DISMISSED
DATE: 9-18-15
BY: P.C

Dear Clerk of the Court of Criminal Appeals,

I ask pursuant to Rule 2 to suspend the rule for copies. This facility provides no pens, no copying and they've taken the printer. I've a suit pending for civil rights violations but meanwhile I ask for permission from you to submit one copy.

I sent my only copies of previous documents. The Justices will have to get them from you. I enclose the only new document I've received.

I am asking the trial court and the court reporter for transcripts to be sent to the Court. As of now there are 3 relevant hearing dates 8-28-15, 9-4-15, and 9-10-15. I ask for this Courts aid in obtaining these transcripts.

This document contains some pages that are of poor quality at the time of imaging.

Respectfully Submitted
Curtis Teer
Curtis Teer
applicant pro se

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 18 2015
Abel Acosta, Clerk

Cause No. 11-15-00139-CR

Ex parte

CURTIS TEER
applicant

)
)
)
)
)

IN THE COURT

OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

## MOTION FOR LEAVE TO FILE
## REINSTATEMENT AND AMENDMENT OF ORIGINAL PETITION
## FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now, Curtis Teer, applicant in the above styled and numbered cause, and respectfully moves the Court, pursuant to Texas Rule of Appellant Procedure 72.1 to grant leave to file the accompanying original petition for writ of habeas corpus. Pursuant to Rule 2 I ask the Court to accept one copy, as this facility will not copy and has taken the printer, neither do they issue ink pens. Also, under Tex. Crim. Code Proc. 44.04(g) I ask for preferential and accelerated review.

Respectfully Submitted,

Curtis Teer

Curtis Teer, Applicant Pro Se
Midland Co. Detention P.O. Box
11387 Midland, TX 79702

Cause No. 11-15-00139-CR

| | |
|---|---|
| Ex parte | IN THE COURT |
| CURTIS TEER | OF CRIMINAL APPEALS |
| Applicant | OF THE STATE OF TEXAS |

## MOTION TO RE-INSTATE AND AMEND PETITION
## FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Comes now Curtis Teer, applicant, and files the petition for writ of habeas corpus. Applicant previously filed a petition for same on 2nd day of September, 2015. However, applicant filed motion to withdraw petition on the 8th day of September, 2015. Applicant has no access to printer or copier, therefore asks the Court to reference above mentioned documents from clerk's file.

Applicant again asks for Preferential Right of Review pursuant to T.R.A.P. 31.1 and in accordance with accelerated review applicant asks the Court to acquire transcripts from trial court in less time than 15 days as applicant has two briefs due in the Eleventh District Court of Appeals and

applicant is denied access to the courts by severely restricted access to law library to wit applicant also has suit filed in U.S. Court of Western District for relief.

Applicant is currently wrongfully restrained from his liberty due to the actions of THE HONORABLE RODNEY W. SATTERWHITE, Respondent. This petition is in assertion of the same de facto denial of bond pending appeal, however applicant shows additional evidence in this pleading.

In 13 days, beginning on August 28, 2015 3 separate hearings have been held in the 441st District Court concerning bond conditions. Further, motions have been submitted to the court, and ruled on, making the total, as of yesterday, the 5th occassion that Judge Satterwhite has ruled on and/or considered these conditions. As I explained in the previous petition, the gravamen of the State's contention is that there should be a G.P.S. monitor. I have acknowledged the State's and therefore, society's concern for the assurance of appearance. On page 4 of my previous petition I submitted argument why the monitor would be an improper infringement on my freedom of action (PLEASE NOTE THAT I DID NOT INDICATE "FREEDOM". I INDICATED "FREEDOM OF ACTION")

A monitor is a condition that may be imposed on bond pending appeal and I understand the court may consider it reasonable and similar to conditions imposed on probationers [Estrada v. State, 594 S.W. 2d 445, 447448 (Tex. Crim. App. 1980)]. I have no doubt that the Court of Criminal Appeals would uphold Judge Satterwhite's discretion were he to impose the monitor apart from consideration of any other conditions. That is why I hope the Court will read the record of the hearings held on August 28, 2015, September 4, and 10, of 2015 and whatever hearing will be held during the week of September 13, 2015. The Honorable Judge Satterwhite has consistantly ruled against the monitor 4 times out of 5 on distinct occassions. And the reasons are in the record, there is an entire system in place of monitoning and supervision, my federal probation officer to report to, 24 hour per day supervision of DISMAS halfway house, registration authority being informed of all changes in address, employment, phone numbers, vehicles, on line identifiers; once per week reporting to pretrial.

The only time Judge Satterwhite temporarily ruled to impose the monitor was immediately after the assistant district attorney

Submitted State's motion to Reconsider Bond Conditions based on "information learned" that turned out to be information manufactured. Upon discovery that I never "indicated" or "intended" to live anywhere near Paula Neal, protective order victim, the Judge rescinded that Order. However, as I mentioned in court the Judge has entertained the notion of the monitor condition numerous times, obviously sympathetic to the assistant district attorney's position. Therefore, by the time the Court of Criminal Appeals receives this petition The 441st Judicial District Court will have construed to impose the monitor, an improper infringement in light of the other conditions, or, the Court will have construed an altogether de facto denial of bond on some other grounds.

There is the issue of DISMAS placement. The record will reflect that under oath, my probation officer, Keith Thompson did admit that he would indeed be obligated and duty-bound to secure living accomodations for me were I to be released on bond. Yet Judge Satterwhite recessed for further consideration.

The issue of bail should be resolved at the inception of the appeal. That is hardly the case here and while I certainly intend no disrespect to the Honorable Judge Satterwhite, these pleadings and hearings are nothing more than stall tactics, a carrot on a stick, and a way of denying bail.

My Prayer to the Court is to order bail. The Judge has ruled as to the reasonableness of it. The delays are an abuse of discretion and wrongful incarceration. I also ask that the condition of the monitor not be imposed and if it has been, that the condition be lifted by this Court. In light of the other factors and conditions upon me, it would be redundant, excessive, and restrict my freedom of action by the admonishment to remain at my residence at all times except for reporting duties. It would do nothing more to assure appearance than the system in place but the infringement would retard my freedom of movement and interest of liberty in that "measure of freedom" intended to be provided by bail pending appeal.

Respectfully Submitted,
Curtis Lee
applicant pro se

CAUSE NO: CR42737

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 441ST JUDICIAL DISTRICT |
| | § | |
| | § | |
| CURTIS WAYNE TEER | § | MIDLAND COUNTY, TEXAS |

## ORDER RE-SETTING BOND HEARING

IT IS ORDERED that the above styled and numbered cause is hereby re-set for a hearing on the STATE'S MOTION TO RECONSIDER BOND CONDITIONS WHILE CASE IS PENDING APPEAL. Hearing is reset for **THURSDAY, SEPTEMBER 10, 2015 at 2:30 p.m.** Proceeding will be on the 9th floor, in the 441st District Courtroom of the Midland County Courthouse, 500 North Loraine, Midland, Texas.

SIGNED this 8th day of September, 2015.

_____
RODNEY W. SATTERWHITE
JUDGE PRESIDING

Xc:  Carolyn Thurmond
     Rebecca Patterson
     Curtis Wayne Teer, pro se c/o MC Jail


**THIS SETTING IS SUBJECT TO ANY JURY TRIALS
SCHEDULED FOR THE SAME WEEK**

## VERIFICATION OF UNSWORN DECLARATION

"My Name is Curtis Teer. I am currently incarcerated in Midland County Detention Center, in Midland County Texas. I am qualified to make this declaration. The forgoing motion is true and correct, and I swear it to be so under penalty of perjury.

Executed in Midland County, Texas on this 13 day of September, 2015 Pursuant to 28 U.S.C. § 1746 and Texas C.P.R.C. Art 132.001, et seq.

Curtis Teer

inmate # 304112, Curtis Teer
Midland County Detention